[No. 27511-9-I.   Division One.   November 12, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. MANUEL MENDOZA, *Appellant*.

*Jessica Ryan* of *Washington Appellate Defender Association,* for appellant.

*Michael Rickert, Prosecuting Attorney,* for respondent.

PER CURIAM. — Manuel Mendoza moved for accelerated review of his exceptional sentence. We accelerate review, and reverse and remand for resentencing.

## FACTS

On August 24, 1990, the State charged Mendoza with one count of delivery of a controlled substance, and one count of conspiracy to deliver a controlled substance. On October 12, 1990, Mendoza pleaded guilty to the conspiracy charge, and the State dismissed the delivery charge. On November 29, 1990, the trial court entered judgment and sentence on the plea. The court calculated Mendoza's standard range at 21 to 27 months, and imposed an exceptional sentence of 84 months. In imposing the exceptional sentence, the court entered the following findings of fact:

1. On or about July 26, 1990, an informant working for Skagit County Law Enforcement met with the defendant in this matter, Manuel Mendoza and three others, to wit: Elias Espinoza, Antonio Dias, and Miguel Mendoza. At the time of

the meeting, the informant purchased from the aforementioned individuals approximately one kilogram of cocaine for a purchase price of $22,500 dollars.

2. Immediately after the purchase of the one kilogram of cocaine, Manuel Mendoza and the other codefendants were apprehended by Skagit County Law Enforcement. The search pursuant to a search warrant was executed and approximately three more kilograms of cocaine were located within the farmhouse where the defendant and the codefendants delivered the kilogram of cocaine to the law enforcement informant.

3. The defendant, Manuel Mendoza, helped to introduce the parties to the cocaine transaction and aided the other individuals in setting up the intended sale of the seized cocaine in the amount of four kilograms.

4. The negotiated price for each kilogram was $22,500. A kilogram amount of cocaine is a quantity that is substantially larger than for personal use.

5. The defendant, Manuel Mendoza, is a resident of Yakima County, Washington. The codefendant, Antonio Diaz, is a resident of Skagit County, Washington. A third codefendant, Elias Espinoza, is a resident of Lynnwood, California. The intended sale of the four kilograms did occur in Skagit County, Washington.

Mendoza now seeks accelerated review of his exceptional sentence.

## DECISION

Mendoza first contends that the trial court miscalculated his standard range, and therefore he is entitled to a new sentencing hearing. We agree.

Under the Sentencing Reform Act of 1981, a standard range is normally calculated by determining the defendant's offender score and the seriousness level of his offense in RCW 9.94A, and then locating the standard range in the sentencing grid set forth in RCW 9.94A.310. RCW 9.94A.370(1). If the standard range for a crime has not been established or cannot be determined, the trial court must sentence the defendant pursuant to RCW 9.94A.120(6), which states:

If a sentence range has not been established for the defendant's crime, the court shall impose a determinate sentence which may include *not more than one year of confinement*, community service work, a term of community supervision not to exceed one year, and/or other legal financial

obligations. *The court may impose a sentence which provides more than one year of confinement if the court finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence.*

(Italics ours.) Here, the trial court determined that Mendoza had an offender score of 0, and that his crime (conspiracy to deliver cocaine) carried a seriousness level of 8. The court apparently used a seriousness level of 8 because the completed crime of delivery of cocaine is assigned a seriousness level of 8 in RCW 9.94A.320. Thus, pursuant to the sentencing grid in RCW 9.94A.310, the trial court concluded that the Legislature had established a standard range of 21 to 27 months for Mendoza's offense.

Mendoza contends the trial court's calculations were incorrect because the seriousness level for the *completed* crime of delivery of cocaine does not apply to the crime of *conspiracy* to deliver cocaine. Mendoza correctly points out that anticipatory offenses, as such, are not specifically ranked in the seriousness level table in RCW 9.94A.320. That table only contains seriousness levels for *completed* offenses. Therefore, Mendoza concludes that in the absence of any seriousness level for his offense, the standard range cannot be determined, and the statute for "unranked" offenses (RCW 9.94A.120(6)) requires a range of 0 to 12 months.

The State responds by pointing out that under RCW 9.94A.410[1] and RCW 9.94A.310(2), the seriousness levels assigned to completed offenses are to be used by trial courts in determining the seriousness levels and standard ranges

---

[1]RCW 9.94A.410 states in part:

For persons *convicted of the anticipatory offenses* of criminal attempt, solicitation, or conspiracy *under chapter 9A.28 RCW, the presumptive sentence is determined by locating the sentencing grid sentence range defined by the appropriate offender score and the seriousness level of the crime, and multiplying the range by 75 percent.*

(Italics ours.) A related statute, RCW 9.94A.310(2), is identical to the above-quoted portion of RCW 9.94A.410, except that it states that the range for anticipatory offenses is determined by reference to "the seriousness level of the *completed* crime, and multiplying the range by 75 percent." (Italics ours.)

for anticipatory offenses charged under RCW 9A.28.[2] Those statutes demonstrate that the seriousness level of anticipatory offenses charged under RCW 9A.28 is the seriousness level of the "completed crime", and that the standard range determined on the basis of that seriousness level is to be reduced pursuant to the 75 percent formula in the statutes.

■ However, RCW 9.94A.410 and RCW 9.94A.310(2) do not apply to the conspiracy conviction in this case because, by their terms, they only apply to "persons convicted of . . . conspiracy *under chapter 9A.28 RCW*". (Italics ours.) Mendoza was not charged with, or convicted of, conspiracy under RCW 9A.28; rather, he was convicted of conspiracy to deliver cocaine in violation of RCW 69.50.407 (prohibiting *conspiracy* to commit crimes defined in RCW 69.50). The latter statute is "a specific statute relating to conspiracies involving controlled substances and such an act of conspiracy must be charged under [RCW 69.50.407] to the exclusion of [RCW 9A.28.040] which deals with conspiracy in general." *State v. Casarez-Gastelum*, 48 Wn. App. 112, 118, 738 P.2d 303 (1987); *accord, State v. Hawthorne*, 48 Wn. App. 23, 737 P.2d 717 (1987). Unlike RCW 9.94A.410 and RCW 9.94A.310(2), the conspiracy statute charged in this case, RCW 69.50.407,[3] does not direct the sentencing court to use the seriousness level for the completed offense in determining the defendant's standard range. The Legislature's failure to include sentencing directions like those in the RCW Title 9 statutes in RCW 69.50.407 gives rise to a presumption that the Legislature intended to treat conspiracies charged under RCW 69.50.407 differently. *In re Swanson*, 115 Wn.2d 21, 27, 804 P.2d 1 (1990); *United Parcel Serv., Inc. v. Department of Rev.*, 102 Wn.2d 355, 362,

---

[2]RCW 9A.28 sets forth the requirements and felony classifications for anticipatory offenses.

[3]RCW 69.50.407 provides:

"Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

687 P.2d 186 (1984).[4] Furthermore, even assuming the Legislature did not intend this result, this court cannot read into a statute those things which we conceive the Legislature may have left out unintentionally. *State v. Brasel*, 28 Wn. App. 303, 309, 623 P.2d 696 (1981); *State v. Rochelle*, 11 Wn. App. 887, 890, 527 P.2d 87 (1974), *review denied*, 85 Wn.2d 1001 (1975).

We conclude, therefore, that there is no seriousness level set for conspiracies charged under RCW 69.50.407, that the standard range for such a conspiracy cannot be determined, and that RCW 9.94A.120(6) requires a standard range of 0 to 12 months in this case. Since the trial court used a standard range of 21 to 27 months, the case must be remanded for resentencing. *State v. Brown*, 60 Wn. App. 60, 70, 802 P.2d 803 (1990), *review denied*, 116 Wn.2d 1025 (1991).

We accelerate review and reverse and remand for resentencing.

The remainder of this opinion has no precedential value and, therefore, will not be published. RCW 2.06.040.

---

[4]The State contends that the Legislature's intent is made clear by the fact that the conspiracy statute charged in this case limits the maximum sentence to the maximum available for the completed offense. According to the State, this shows that the Legislature intended to have the same standard range for conspiracies and completed offenses charged under RCW 69.50. However, the *maximum* sentence intended by the Legislature sheds little, if any, light on what the Legislature intended regarding the seriousness level or standard range for conspiracy offenses charged under RCW 69.50. The statute is, at best, ambiguous as to the Legislature's intent regarding the appropriate standard range, and the rule of lenity requires this court to resolve any ambiguity in favor of the defendant. *State v. Hornaday*, 105 Wn.2d 120, 127, 713 P.2d 71 (1986).