[No. 15953-8-II. Division Two. December 2, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. ANGELA HEBERT, *Appellant.*

*Dino G. Sepe,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn-Brintnall, Senior Appellate Deputy,* for respondent.

MORGAN, J. — Angela Hebert appeals on the ground that she was sentenced under the wrong standard range. We reverse.

Angela Hebert pleaded guilty to conspiracy to deliver a controlled substance charged under RCW 69.50.407. At sentencing, she argued that her standard range should be not more than a year of confinement, because conspiracy under RCW 69.50.407 is an unranked offense. RCW 9.94A.120(6). The State argued that her standard range should be the same as for the completed crime of delivery, 31 to 41 months, because the maximum punishment for delivery and conspiracy to deliver is the same. RCW 9.94A.310-.320 (standard range of 31 to 41 months); RCW 69.50.407 (maximum punishment same). The trial court accepted the State's position and imposed a sentence of 41 months.

█ The same issue was presented in *State v. Mendoza,* 63 Wn. App. 373, 819 P.2d 387 (1991). There, Division One held that conspiracy under RCW 69.50.407 did not fall under RCW 9.94A.410, because the latter statute encompasses only "conspiracy under chapter 9A.28 RCW."[1] It concluded that conspiracy under RCW 69.50.407 was an unranked

---

[1] RCW 9.94A.410 provides in pertinent part:

"For persons convicted of the anticipatory offenses of criminal . . . conspiracy under chapter 9A.28 RCW, the presumptive sentence is determined by locating the sentencing grid sentence range defined by the appropriate offender score and the seriousness level of the crime, and multiplying the range by 75 percent."

838

offense with a standard range of not more than a year of confinement.

We agree with *Mendoza*. Hebert's standard range was not more than a year of confinement, RCW 9.94A.120(6), and she is entitled to be resentenced.

Reversed and remanded for resentencing.

PETRICH, C.J., and ALEXANDER, J., concur.

Reconsideration denied January 14, 1993.