[No. 66504-4. En Banc.]
Argued February 9, 1999.    Decided May 6, 1999.

*In the Matter of the Personal Restraint of* THOMAS J. HOPKINS, *Petitioner.*

---

*Nielsen, Broman & Associates, P.L.L.C.,* by *Eric J. Nielsen,* for petitioner.

*Thomas J. Hopkins,* pro se.

*Norm Maleng, Prosecuting Attorney,* and *Ann M. Foerschler, Deputy,* for respondent.

JOHNSON, J. — Petitioner claims his 81-month sentence for "solicitation to deliver cocaine" exceeds the statutory maximum for that crime. Holding that the statutory maximum sentence was doubled to 10 years under the sentencing doubling provisions of RCW 69.50.408, the Court of Appeals found the sentence within the maximum allowed by law and denied the petition. *In re Personal Restraint of Hopkins,* 89 Wn. App. 198, 203, 948 P.2d 394 (1997). We reverse.

Petitioner, Thomas Hopkins, pleaded guilty to solicitation to deliver cocaine. The trial court sentenced him to 81 months in prison. Petitioner did not appeal. Subsequently, however, he filed a personal restraint petition in the Court of Appeals. Petitioner claimed the crime for which he was convicted, solicitation to deliver cocaine, is a class C felony subject to a statutory maximum 5-year term. The Court of Appeals agreed with petitioner that solicitation to deliver cocaine is a class C felony ordinarily punishable up to a statutory maximum 5-year sentence. *Hopkins*, 89 Wn. App. at 200. Nevertheless, the Court of Appeals affirmed petitioner's 81-month sentence, a term which exceeds the statutory maximum by 21 months. The Court of Appeals concluded the sentence was within the maximum term allowed by law because petitioner had prior drug convictions and, thus, the statutory maximum term was subject to doubling under RCW 69.50.408. *Hopkins*, 89 Wn. App. at 200, 202-03. Specifically, the Court of Appeals held "that inchoate offenses, such as solicitation, are included within RCW 69.50 for purposes of the doubling provision when the underlying crime is defined in that chapter." *Hopkins*, 89 Wn. App at 203. Accordingly, the Court of Appeals denied the petition.

We granted review.

## ANALYSIS

The class of felony for which a defendant is convicted determines the maximum sentence. RCW 9A.20.021. Solicitation is classified one class below the classification of the underlying crime solicited. RCW 9A.28.020; RCW 9A.28-.030. Thus, for example, if the underlying crime is a class B felony, solicitation of that crime is a class C felony. RCW 9A.28.020(3)(c); RCW 9A.28.030.

■ In the present case, the underlying crime solicited by the petitioner was "delivery of cocaine." Delivery of cocaine is prohibited under the Uniform Controlled Substances Act, RCW 69.50.401. A conviction for delivery of cocaine

carries a maximum sentence of 10 years. RCW 69.50-.401(a)(1)(i). In any prosecution for solicitation under 9A.28.030, where the underlying crime is defined by statute other than in Title 9A RCW, the classification of the underlying offense depends upon the maximum sentence for that offense. RCW 9A.28.010. An offense that carries a maximum sentence of 10 years is a class B felony. RCW 9A.28.010(2). *See also* RCW 9.94A.035(2) (a felony not defined in Title 9A that carries a maximum sentence of more than 8 years but less than 20 is a class B felony). Solicitation to deliver cocaine is, therefore, a class C felony. RCW 9A.28.020(3)(c). A class C felony is punishable up to a maximum 5-year term. RCW 9A.20.021(1)(c).[1]

The question is whether the sentencing doubling provisions contained in RCW 69.50.408 apply to petitioner's current conviction, thereby doubling the maximum term that would otherwise apply. Under RCW 69.50.408, any person "convicted of a second or subsequent offense *under this chapter* may be imprisoned for a term up to twice the term otherwise authorized . . . ." (emphasis added). Petitioner concedes he has prior convictions under RCW 69.50. He argues, however, solicitation to deliver cocaine is not an offense "under" RCW 69.50. We agree.[2]

In general, Washington law criminalizes three inchoate or "anticipatory" offenses: attempt; solicitation; and conspiracy. RCW 9A.28.020, .030, .040. In contrast, the

---

[1] Petitioner's sentence was calculated under RCW 9.94A.410 (standard range sentence for inchoate offenses is calculated at 75 percent of the standard range for the completed offense). *See also* RCW 9.94A.310(2) (same). Here, petitioner's offender score and the seriousness level of the completed offense of delivery of cocaine yielded a standard range sentence of 108-144 months for the completed crime. Thus, petitioner's presumptive sentence for solicitation to deliver cocaine was 81-108 months. However, where the presumptive standard range "exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence." RCW 9.94A.420. Since the maximum sentence for solicitation to deliver cocaine is 5 years, petitioner's presumptive sentence should have been 60 months rather than 81-108 months.

[2] Based on our disposition of this case, we need not address the Court of Appeals' holding "that RCW 69.50.408 is neither discretionary nor a sentence enhancement but rather a provision that automatically doubles the statutory maximum sentence for convictions under RCW 69.50 when the defendant has a prior conviction under that statute." *Hopkins*, 89 Wn. App. at 203.

Uniform Controlled Substances Act, RCW 69.50, expressly includes only *attempt* and *conspiracy* as specific offenses under that chapter. RCW 69.50.407. The crime of *solicitation* is conspicuously absent.

We adhere to the rule of expressio unius est exclusio alterius—specific inclusions exclude implication. *State v. Sommerville*, 111 Wn.2d 524, 535, 760 P.2d 932 (1988). In other words, "[w]here a statute specifically designates the things upon which it operates, there is an inference that the Legislature intended all omissions." *Queets Band of Indians v. State*, 102 Wn.2d 1, 5, 682 P.2d 909 (1984). Accordingly, under the plain language of RCW 69.50.408, the express legislative inclusion of attempt and conspiracy is exclusive, and the further implied inclusion of solicitation is barred. *See Sommerville*, 111 Wn.2d at 535. In such circumstances, "the silence of the Legislature is telling" and must be given effect. *Queets Band of Indians*, 102 Wn.2d at 5.

Furthermore, in criminal cases the rule of lenity is a basic and required limitation on a court's power of statutory interpretation whenever the meaning of a criminal statute is not plain. Under the rule of lenity, any ambiguity in the meaning of a criminal statute must be resolved in favor of the defendant. *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 249-50, 955 P.2d 798 (1998). Because RCW 69.50 does not by its language expressly include solicitation as an offense, whether solicitation is an offense "under" RCW 69.50 is necessarily ambiguous. The question, therefore, must be resolved in favor of the petitioner.

In addition to contravening the plain language of RCW 69.50, to hold that solicitation is impliedly included within RCW 69.50 because the underlying crime is defined therein would create numerous other inconsistencies. For example, under its unambiguous language, RCW 9A.28.010 specifically classifies anticipatory offenses based on crimes defined under other titles as offenses *under RCW Title 9A*. Thus, despite the fact the underlying crime in this case is defined under RCW 69.50, solicitation to commit that crime *is*

*expressly classified as an offense under RCW Title 9A. See also* RCW 9.94A.120(6)(a)(i).

Similarly, the parties and the Court of Appeals all agree petitioner's sentence was properly calculated under RCW 9.94A.410. *Hopkins,* 89 Wn. App. at 199 n.2. By its plain terms, however, RCW 9.94A.410 applies only to the "anticipatory offenses of criminal attempt, solicitation, or conspiracy *under chapter 9A.28 RCW* . . . ." RCW 9.94A.410 (emphasis added). *See also* RCW 9.94A.310(2) (same). If Hopkins was convicted of an offense under RCW 69.50, then, according to its plain terms, he cannot be sentenced under RCW 9.94A.410. *State v. Mendoza,* 63 Wn. App. 373, 377-78, 819 P.2d 387 (1991) (sentencing provisions of RCW 9.94A.410 and RCW 9.94A.310(2) do not apply to convictions under RCW 69.50). Yet no sentencing provision under RCW 69.50 possibly applies.[3]

Finally, we note that our courts of appeals have consistently and specifically distinguished between anticipatory offenses expressly included within RCW 69.50 as opposed to those generally falling within RCW 9A.28. *E.g., State v. Roby,* 67 Wn. App. 741, 747, 840 P.2d 218 (1992) ("RCW 69.50.407 is the specific statute relating to attempts to commit drug-related crimes, and precludes charging such crimes under RCW 9A.28.040, the general attempt statute."); *Mendoza,* 63 Wn. App. at 377 ("The latter statute [RCW 69.50.407] is 'a specific statute relating to conspiracies involving controlled substances and such an act of conspiracy must be charged under [RCW 69.50.407] to the exclusion of [RCW 9A.28.040] which deals with conspiracy in general.' ") (some alternations in original) (quoting *State v. Casarez-Gastelum,* 48 Wn. App. 112, 118, 738 P.2d 303 (1987)); *State v. Hawthorne,* 48 Wn. App. 23, 26-27, 737

---

[3]Under prevailing law, petitioner would arguably be better off being sentenced under RCW 69.50. *See Mendoza,* 63 Wn. App. at 376-78 (Because RCW 69.50 includes no sentencing directions such as those contained in RCW 9.94A.410 and RCW 9.94A.310(2), it is impossible to determine the seriousness level of inchoate crimes charged under RCW 69.50. Therefore, RCW 9.94A.120(6) [now RCW 9.94A.120(7)] must apply. Under that statute, sentences for "unranked" offenses may not generally exceed 12 months.

P.2d 717 (1987) ("It was improper to charge the defendants under RCW 9A.28.040, the general conspiracy statute. When applicable, the State is mandated to pursue RCW 69.50.407, the more specific statute pertaining to a conspiracy to violate the Uniform Controlled Substances Act, RCW 69.50.").

In sum, while there is a superficial appeal to treating all anticipatory offenses involving controlled substances the same, the plain language of the Uniform Controlled Substances Act, as well as the plain language of the relevant sentencing statutes, are to the contrary.

Indeed, the State concedes that solicitation to deliver cocaine is *not* an offense under RCW 69.50 and is not itself subject to doubling under that chapter. Instead, the State argues that the underlying crime, delivery of cocaine, is subject to doubling since *it* is defined under RCW 69.50. Under this rationale, the statutory 10-year maximum sentence for delivery of cocaine is doubled to 20 years due to petitioner's prior convictions; what was ostensibly a class B felony is transformed by the doubling provision of RCW 69.50.408 into a class A felony. Since the classification of solicitation under RCW Title 9A is ultimately determined by reference to classification of the underlying crime, *see* RCW 9A.28.020, the State argues the solicitation conviction is also transformed—from a class C felony to a class B felony. The maximum sentence for a class B felony is 10 years. Therefore, according to the State, petitioner's sentence falls within the allowable range.

The State's position, however, is foreclosed by the plain language of RCW 9.94A.035, which explicitly requires classification of felonies not defined under RCW Title 9A to be calculated by the maximum sentence as if "upon a first conviction of such felony." This makes sense, since classification of any felony is not determined by reference to the particular defendant's criminal history but by the nature of the offense generally. Here, the maximum sentence for a first conviction of delivery of cocaine is 10 years, a class B felony. RCW 69.50.401(a)(1)(i); RCW

9.94A.035(2). *See also* RCW 9A.20.021(1)(b) (10-year maximum for class B felonies committed July 1, 1984 and after). Accordingly, solicitation to deliver cocaine is a class C felony. RCW 9A.28.020(3)(c). The maximum sentence for a class C felony is 5 years. RCW 9A.20.021(1)(c). Thus, the State's argument must also be rejected.

Accordingly, we hold the sentencing doubling provisions of RCW 69.50.408 do not apply, either directly or indirectly, to convert the statutory maximum for petitioner's present conviction from 5 years into 10 years.

The petition is granted. Reversed and remanded with instructions to resentence petitioner to a term not to exceed five years, with credit for time served.

GUY, C.J., and DURHAM, SMITH, MADSEN, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., concur.

Reconsideration denied June 29, 1999.