Ellington, A.C. J.
Felonies for which the legislature has assigned no seriousness level ranking have a standard sentencing range of 0 to 12 months. Michael Acron was convicted of an unranked offense. His sentence was based upon the seriousness level established for another crime. We reverse and remand for resentencing.
FACTS
Michael Acron was charged with two counts of indecent liberties under RCW 9A.44.100(l)(d), which is the section pertaining to an offense by a health care provider against a patient. Acron entered an Alfordl[1] plea to both counts. The trial court calculated a standard range sentence of 31 to 41 months, based upon its determination that, like other indecent liberties offenses, Acron’s offense carried a seriousness level of VII. The court then imposed concurrent exceptional sentences of 84 months. On direct appeal, we affirmed the exceptional sentence as justified by the victims’ particular vulnerability.[2] Acron filed this personal restraint petition challenging his offender score.
STATUTORY BACKGROUND
The first step in imposing sentence for a felony is to determine the standard sentencing range established by RCW 9.94A.510. The range is usually found by locating the *880 intersection of a grid consisting of seriousness level rankings for offenses, and the offender’s criminal history, or offender score.[3] Offenses without an assigned seriousness level (unranked offenses) are not found on the grid and carry a standard range of 0 to 12 months.[4]
In 1988, the legislature amended RCW 9A.44.100 to establish three means of committing indecent liberties, one by forcible compulsion and two without.[5] Each means was assigned a seriousness level, and a textual reference and statutory citation for each was included in the seriousness level table in RCW 9.94A.515.[6] Indecent liberties with forcible compulsion, RCW 9A.44.100(l)(a), was assigned seriousness level VII. The two offenses committed without forcible compulsion, RCW 9A.44.100(l)(b) and (c), were assigned seriousness level VI. In 1990, the legislature raised the seriousness level of indecent liberties with forcible compulsion to level IX and the two means without forcible compulsion to level VII.[7]
In 1993, the legislature created two additional means of committing indecent liberties without forcible compulsion, including the health care provider version at issue in this case.[8] The legislature did not, however, amend the serious *881 ness level table in RCW 9.94A.515 or otherwise assign a seriousness level to these new offenses.
In 1997, the legislature added yet another means of committing indecent liberties without forcible compulsion[9] and again increased the seriousness level of indecent liberties with forcible compulsion. Once again, however, the legislature assigned no seriousness level ranking to the new means of committing indecent liberties without forcible compulsion. Of the five offenses now constituting indecent liberties without forcible compulsion,[10] only two are assigned a seriousness level ranking.
*882 DISCUSSION
Acron’s offense is not listed in the seriousness level table. He argues the court should therefore have applied the sentence range for unranked offenses as provided in RCW 9.94A.505(2)(b), and that the court erred in adopting the level VII ranking assigned to other nonforcible indecent liberties offenses. The State responds that Acron’s sentence gives effect to the legislature’s clear intent that all means of committing indecent liberties without forcible compulsion be punished the same way.
The principle expressio unius est exclusio alterius is the starting point for analysis: “ [W]here a statute specifically designates the things upon which it operates, there is an inference that the Legislature intended all omissions.’ [11] The seriousness level table specifically designates RCW 9A.44.100(l)(b) and (c) as level VII offenses and omits any reference to RCW 9A.44.100(l)(d), (e), or (f). The inference required by the rule is that the legislature intended this omission, and thus that the legislature intended to leave Acron’s offense unranked.
The Sentencing Guidelines Commission recommends rankings to the legislature and does not recommend that all offenses be ranked: “The Commission decided not to rank certain felonies which seldom occur. ... If, in the future, a significant number of persons are convicted of offenses not included in the Seriousness Level Table, the Commission will recommend appropriate seriousness levels to the Legislature for those crimes.”[12] Leaving certain versions of indecent liberties unranked thus may have been a deliberate legislative decision.[13] (As Judge Coleman’s concurrence points out, however, this seems unlikely.)
*883 Even if the legislature did not intend to omit the three new methods of committing indecent liberties from the seriousness level table, however, we must leave it to the legislature to correct the error.[14] Appellate courts do not supply omitted language even when the legislature’s omission is clearly inadvertent, unless the omission renders the statute irrational. “To do so would [be] to arrogate to ourselves the power to make legislative schemes more perfect, more comprehensive and more consistent.”[15] Thus, where the legislature’s omission “did not undermine the purposes of the statute [but] simply kept the purposes from being effectuated comprehensively,” we will not read omitted language into a statute.[16]
In State v. Taylor,[17] the defendant appealed his felony flight conviction on grounds that the offense had been decriminalized by RCW 46.63.020, which decriminalized traffic offenses, with certain specified exceptions. Still criminalized were reckless driving and failure to stop. Even though reckless driving and failure to stop are lesser included offenses of felony flight, felony flight itself was not a specified exception and so had been decriminalized. The Supreme Court recognized the anomaly but agreed with Taylor that his offense had been decriminalized. The court held the omission of felony flight from the list of exceptions was not an error the court could correct because it undermined neither statute: “[The felony flight statute] may continue to be enforced as a traffic infraction and RCW 46.63.020 continues to decriminalize Title 46 RCW with specific exceptions. Those exceptions were not comprehen *884 sive, but that does not give us license to supply ‘felony flight’ as an exception.”[18]
Similarly here, omitting the three new versions of indecent liberties from the seriousness level table does not undermine either statute. The indecent liberties statute can still be enforced; violations can still be punished. The seriousness level statute continues to be part of the sentencing scheme, which is not made irrational by the exclusion of three offenses.
State v. Mendoza[19] involved a situation similar to this one. Mendoza was convicted of conspiracy to deliver cocaine, a crime that was not ranked in the seriousness level table. The court calculated his standard range using the seriousness level corresponding to the completed crime of delivery because seriousness levels for anticipatory offenses charged under chapter 9A.28 RCW are equivalent to those for the completed crime. We held these statutes did not apply, however, because the defendant was convicted under RCW 69.50.407, not chapter 9A.28 RCW. We concluded:
The Legislature’s failure to include sentencing directions like those in the RCW Title 9 statutes in RCW 69.50.407 gives rise to a presumption that the Legislature intended to treat conspiracies charged under RCW 69.50.407 differently. Furthermore, even assuming the Legislature did not intend this result, this court cannot read into a statute those things which we conceive the Legislature may have left out unintentionally
We conclude, therefore, that there is no seriousness level set for conspiracies charged under RCW 69.50.407, that the standard range for such a conspiracy cannot be determined, and that RCW 9.94A.120(6)[20] requires a standard range of 0 to 12 months in this case.[21]
*885 The State attempts to distinguish Taylor and Mendoza on grounds that indecent liberties without forcible compulsion is already included among the crimes ranked at seriousness level VII, whereas the Taylor and Mendoza courts were asked to add a crime to the statutory list. This argument rests upon the premise that the textual description, “Indecent Liberties (without forcible compulsion),” should control over the citations to specific sections of the statutes that follow. The State contends the very incompleteness of the list of citations renders the statute ambiguous, so that we must discern the legislative intent, which the State maintains is clearly to assign the same ranking to all means of committing indecent liberties without forcible compulsion.[22] Thus, the State contends we must give effect to the textual description rather than to the list of specific statutes.
The State points first to RCW 1.12.028, which provides, “If a statute refers to another statute of this state, the reference includes any amendments to the referenced statute unless a contrary intent is clearly expressed.” The State argues this rule requires us to read the textual description to include the later amendments adding additional means of committing indecent liberties without forcible compulsion. Division Three applied this rule in State v. Horton,[23] to hold that the deadly weapon enhancement statute[24] applied to the new second degree assault statute, RCW 9A.36.021(l)(c), even though the enhancement statute referred only to the second degree assault statute the new one had replaced.[25] The court reasoned that because the two statutes were substantially the same, the latter version should be seen as a continuation of the former. Therefore, *886 “under RCW 1.12.028, the reference in [the enhancement statute] to RCW 9A.36.020 would include RCW 9A.36.021 on its effective date without further legislative action.”[26]
But in Horton, the assault statute cited in the enhancement statute had been replaced; the provision purporting to apply to second degree assault would thus have been a nullity unless construed as applying to the replacement statute. In Taylor’s terms, omission of the updated citation undermined the purpose of the enhancement statute; supplying the omitted language was “imperative to make the statute rational.”[27] Here, however, there has been no replacement. The seriousness level table ranks two offenses by specific citation, at seriousness level VII. Even assuming the legislature meant to add the three additional means of committing indecent liberties in that ranking with the others, and that the omission is inadvertent, the purposes of the statutes are not undermined by the omission, even if those purposes may not be comprehensively effectuated.
The State next points to the “later in time” rule set out in State v. Stackhouse:[28] “[C]ourts must give preference to the later adopted statute, and to the more specific statute if two statutes appear to conflict. Moreover, where a statutory amendment is inconsistent with unamended portions of a statute, the amendatory portions control.”[29] The State points out that the amendment adding new alternative means of committing indecent liberties occurred after enactment of the seriousness level table and argues that “consequently, the amendment to the indecent liberties statute is controlling, and all forms of indecent liberties without forcible compulsion should be treated as equivalent.”[30] But it is unclear how this conclusion follows. In 1997, long after the 1993 amendments to the indecent *887 liberties statute, the legislature amended the seriousness level table to raise indecent liberties by forcible compulsion to seriousness level X and also added yet another means of committing indecent liberties without forcible compulsion. Still, however, the legislature assigned no ranking to any of the three new alternative means. The last amendment was thus an amendment to the seriousness level table itself, and still the legislature left Acron’s crime unranked. As in Mendoza, we may not read into a statute “those things we believe the Legislature may have left out unintentionally.”[31]
If the omission of RCW 9A.44.100(l)(d), (e), and (f) from the seriousness level table prevents the legislature’s purposes from being perfectly realized, it is for the legislature to correct its oversight. We therefore reverse Acron’s sentence and remand for resentencing in accord with RCW 9.94A.505(2)(b).[32]
Schindler, J., concurs.

 North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

 State v. Acron, noted at 101 Wn. App. 1020 (2000).

 RCW 9.94A.530(1).

 RCW 9.94A.505(2)(b) provides:
If a standard sentence range has not been established for the offender’s crime, the court shall impose a determinate sentence which may include not more than one year of confinement; community restitution work; until July 1, 2000, a term of community supervision not to exceed one year and on and after July 1, 2000, a term of community custody not to exceed one year, subject to conditions and sanctions as authorized in RCW 9.94A.710(2) and (3); and/or other legal financial obligations. The court may impose a sentence which provides more than one year of confinement if the court finds reasons justifying an exceptional sentence as provided in RCW 9.94A.535.

 Laws of 1988, ch. 146, § 2.

 Laws of 1988, ch. 218, § 2.

 Laws of 1990, ch. 3, § 702.

 Former RCW 9A.44.100(1) (1988), amended by Laws of 1993, ch. 477, § 3 (adding subsection (l)(d), where the perpetrator is a health care provider and the victim is a client or patient, and subsection (l)(e), where the victim is a resident *881 of a facility for the mentally disordered or chemically dependent and the perpetrator has supervisory authority over the victim).

 Laws of 1997, ch. 340, § 1; ch. 392, § 515 (adding subsection (l)(f) pertaining to victims who are frail elders or vulnerable adults where the perpetrator is not married to the victim but has a significant relationship with the victim).

 The statute now provides:
(1) A person is guilty of indecent liberties when he or she knowingly causes another person who is not his or her spouse to have sexual contact with him or her or another:
(a) By forcible compulsion;
(b) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless;
(c) When the victim is developmental^ disabled and the perpetrator is a person who is not married to the victim and who has supervisory authority over the victim;
(d) When the perpetrator is a health care provider, the victim is a client or patient, and the sexual contact occurs during a treatment session, consultation, interview, or examination. It is an affirmative defense that the defendant must prove by a preponderance of the evidence that the client or patient consented to the sexual contact with the knowledge that the sexual contact was not for the purpose of treatment;
(e) When the victim is a resident of a facility for mentally disordered or chemically dependent persons and the perpetrator is a person who is not married to the victim and has supervisory authority over the victim; or
(f) When the victim is a frail elder or vulnerable adult and the perpetrator is a person who is not married to the victim and who has a significant relationship with the victim.
(2) Indecent liberties is a class B felony, except that indecent liberties by forcible compulsion is a class A felony.
RCW 9A.44.100.

 In re Pers. Restraint of Hopkins, 137 Wn.2d 897, 901, 976 P.2d 616 (1999) (quoting Queets Band of Indians v. State, 102 Wn.2d 1, 5, 682 P.2d 909 (1984)).

 Washington State Sentencing Guidelines Commission, Adult Sentencing Guidelines Manual at 11-57 (1993).

 On the other hand, the Sentencing Guidelines Commission manual contains an index of felony offenses and their seriousness level rankings. Where offenses *883 are unranked, the index so states. The three newest versions of indecent liberties without forcible compulsion are not listed.

 State v. Taylor, 97 Wn.2d 724, 728, 649 P.2d 633 (1982); see also State u. Mendoza, 63 Wn. App. 373, 378, 819 P.2d 387 (1991).

 Taylor, 97 Wn.2d at 729.

 Id.

 97 Wn.2d 724, 649 P.2d 633 (1982).

 Id. at 730.

 63 Wn. App. 373, 819 P.2d 387 (1991).

 Recodified as RCW 9.94A.505(2)(b) (Laws op 2001, eh. 10, § 6). See supra note 9.

 Mendoza, 63 Wn. App. at 377-78 (citations and footnote omitted).

 See State v. Watson, 146 Wn.2d 947, 955, 51 P.3d 66 (2002) (appellate courts must construe an ambiguous statute to effectuate the intent of the legislature).

 59 Wn. App. 412, 798 P.2d 813 (1990).

 At the time of Horton’s offense, RCW 9.94A.310(3) provided: “If the offender .. . was armed with a deadly weapon . .. the following times shall be added to the presumptive range [:] .. .. (c) 12 months for Assault 2 (RCW 9A.36.020).” Horton, 59 Wn. App. at 414 n.3.

 RCW 9A.36.020(l)(c).

 Horton, 59 Wn. App. at 416.

 Taylor, 97 Wn.2d at 729.

 88 Wn. App. 963, 947 P.2d 777 (1997).

 Id. at 968 (citations omitted).

 Resp’t’s Br. at 7-8.

 Mendoza, 63 Wn. App. at 377-78.

 Acron has asked to file additional briefing challenging his exceptional sentence under Blakely v. Washington,_U.S._, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Because we reverse and remand for resentencing, we deny the motion.