[No. 60276-4-I.   Division One.   June 9, 2008.]

CLINT L. POWELL, *Appellant*, v. ASSOCIATED COUNSEL FOR THE ACCUSED ET AL., *Respondents*.

*Larry James Landry*, for appellant.

*Christopher H. Howard* and *Allison K. Miller* (of *Schwabe Williamson & Wyatt, PC*); *Suzanne L. Elliott*; and *Jeffrey E. Ellis* (of *Ellis Holmes & Witchley, PLLC*), for respondents.

¶1 PER CURIAM — This is the third time the parties in this legal malpractice action have appeared before this court. In our previous decisions, we addressed and ultimately reversed the superior court's dismissal of the action under CR 12(b)(6). In this appeal following remand, Powell contends the superior court erred in dismissing his action on summary judgment. Because Powell fails either to address or demonstrate error in the theories advanced below in support of summary judgment, we affirm.

## FACTS

¶2 In 1997, before the plea and sentencing proceedings at issue in this case, this court published an opinion addressing the classification of solicitation to commit an offense defined in the Uniform Controlled Substances Act, chapter 69.50 RCW. *In re Pers. Restraint of Hopkins*, 89 Wn. App. 198, 948 P.2d 394 (1997) (*Hopkins* I), *rev'd*, 137 Wn.2d 897, 976 P.2d 616 (1999) (*Hopkins* II). We initially noted that "because solicitation is an unclassified felony, the sentencing court looks to the maximum sentence authorized by law for the completed crime to determine its classification and the applicable statutory maximum." *Id.* at 200. By statute, solicitation to commit the completed crime is one class lower than the classification for the completed offense. *Id.* Because the generic, completed offense in *Hopkins* would be a class B felony, solicitation to commit that offense was a class C felony with a five year maximum sentence. *Id.*

¶3 We also held, however, that because the completed offense was a crime defined in chapter 69.50 RCW, the sentence doubling provision in RCW 69.50.408 applied to a

solicitation to commit that offense. That provision resulted in Hopkins' maximum sentence being doubled to 10 years. *Id.* at 203.

¶4 In 1999, the State charged Powell with two offenses defined in chapter 69.50 RCW—possession of cocaine and delivery of a noncontrolled substance in lieu of a controlled substance, cocaine. With an offender score of 21, Powell faced a standard range sentence of 51-68 months on the delivery charge alone.

¶5 Powell's court-appointed attorney, George Eppler, negotiated a plea agreement whereby the State agreed to dismiss the possession charge and recommend a standard range sentence in exchange for Powell's guilty plea to a reduced charge of solicitation to deliver a noncontrolled substance in lieu of cocaine under RCW 9A.28.030 and RCW 69.50.401(2)(c). The plea agreement recited in pertinent part that "[t]his defendant has prior VUCSA [(Violation of the Uniform Controlled Substances Act)] delivery – therefore the maximum on the original charge was 10 yrs. [$]20,000 Class B [Felony]. A solicitation would then be a Class C (5 yr. [$]10,000) [RCW] 69.50.408." The scoring form listed the standard range as 38.25 to 51.00 months.[1]

¶6 At sentencing, attorney Todd Gruenhagen substituted for Powell's original attorney, George Eppler. The sentencing court treated Powell's offense as a class C felony and sentenced him to 38.25 months, the bottom of the standard range.

¶7 In May 1999, less than a week after entry of Powell's judgment and sentence, the Washington State Supreme Court reversed this court's decision in *Hopkins* I. The Supreme Court held that solicitation to commit an offense defined in chapter 69.50 RCW is not an offense under that chapter and is, therefore, not subject to the doubling provision in RCW 69.50.408. *Hopkins* II, 137 Wn.2d at 901.

---

[1] This range was determined by applying RCW 9.94A.410, which provides that the range for an anticipatory offense under chapter 9A.28 RCW is calculated by multiplying the range for the completed offense by 75 percent.

The court also summarily rejected the State's argument that Hopkins' sentence still fell within the allowable range because the doubling statute applied to the completed offense and thereby raised the classification levels of both the completed offense and the charged solicitation of that offense: "The State's position . . . is foreclosed by the plain language of RCW 9.94A.035, which explicitly requires classification of felonies not defined under RCW Title 9A to be calculated by the maximum sentence as if 'upon a first conviction of such felony.' " *Id.* at 903.

¶8 On May 15, 2000, Powell filed a personal restraint petition contesting the length of his sentence in light of *Hopkins* II. The Supreme Court granted the petition and remanded for Powell to be resentenced "for the gross misdemeanor of solicitation to commit . . . delivery of a non-controlled substance in lieu of a controlled substance." Powell was later released after serving 20 months of his 38 month sentence.

¶9 In February 2003, Powell filed the present malpractice action against his defense attorneys and their employer, Associated Counsel for the Accused (ACA). The complaint alleged that the attorneys negligently allowed Powell to be sentenced for a felony when his offense was in fact a gross misdemeanor and that this negligence resulted in his being incarcerated for eight additional months. The attorneys and ACA successfully moved to dismiss the complaint under CR 12(b)(6), arguing that Powell could not bring a malpractice claim unless he alleged and proved his innocence.

¶10 In February 2005, this court ruled that the innocence requirement did not apply in this setting and reversed the dismissal. *Powell v. Associated Counsel for the Accused*, 125 Wn. App. 773, 106 P.3d 271 (2005). The Supreme Court granted the defendants' petition for review and remanded the matter to this court for reconsideration. On remand, we again held that the innocence requirement did not apply and remanded to the superior court for further proceedings. The defendants moved for reconsidera-

tion, arguing for the first time that Powell's offense was in fact a class C felony under the doubling statute. We called for an answer and then denied the motion without comment.

¶11 On remand, the defendants moved for summary judgment on three grounds. First, they argued there was no malpractice because, under the case law and doubling statute, Powell's offense was a class C felony at the time of his plea and sentencing, and they therefore were not negligent for failing to anticipate a subsequent change in the law. Second, they asserted that Powell could not demonstrate that any negligence regarding the classification of his offense caused him damage. Last, they argued that the malpractice action failed because it was not supported by any expert testimony demonstrating a breach of the standard of care.

¶12 The superior court granted the motion and dismissed Powell's claims without comment. Powell appeals.

## DECISION

¶13 We review a summary judgment order de novo, engaging in the same inquiry as the trial court and viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 501, 115 P.3d 262 (2005). Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c); *Hearst*, 154 Wn.2d at 501.

¶14 To establish a claim for legal malpractice, a plaintiff must prove (1) an attorney-client relationship giving rise to a duty of care by the attorney, (2) an act or omission by the attorney that is a breach of the duty of care, (3) damage to the client, and (4) the attorney's breach of the duty of care proximately caused damage. *Geer v. Tonnon*, 137 Wn. App. 838, 844, 155 P.3d 163 (2007), *review denied,*

162 Wn.2d 1018 (2008). Powell contends summary judgment was improper because his offense was a gross misdemeanor, not a class C felony, at the time of his plea and sentencing and his attorneys were negligent for failing to discover that fact. Respondents counter that Powell cannot demonstrate negligence because this court's decision in *Hopkins* I was the controlling law at the time of his plea and sentencing, and that case supported a conclusion that, under the doubling statute, his solicitation offense was a class C felony, not a gross misdemeanor. Alternatively, they claim there was no genuine issue of fact below on whether the alleged negligence damaged Powell. We conclude summary judgment was proper.

¶15 Powell's principal argument on appeal is that solicitation to commit a class C felony is a misdemeanor, and therefore his attorneys were negligent and the trial court erred in granting summary judgment. Respondents have consistently maintained, however, that the case law in effect at the time of Powell's plea, together with the doubling statute, raised the normal classifications of both the completed offense and his solicitation offense. Powell's response to this contention on appeal is that it is barred by contrary holdings in our prior decisions in this case and by the doctrine of res judicata. These arguments are meritless.

¶16 The issue before us in our prior decisions was whether, under CR 12(b)(6), Powell could maintain a criminal malpractice action without alleging and proving his innocence. The merits of his malpractice claim, including whether his attorneys breached the standard of care and whether he suffered damage as a result of any breach, were not at issue in those proceedings, and our decisions did not purport to resolve them.

¶17 Powell contends, however, that because respondents raised their doubling statute theory in a motion for reconsideration of one of our prior decisions and because we denied that motion, their attempt to raise the argument again in the proceedings below was barred by the doctrine of res judicata. He is wrong. Res judicata, or claim preclu-

sion, prohibits the same parties from litigating a second lawsuit on the same claim or any other claim that could have been, but was not, raised in the first suit. *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). The doctrine does not apply in this case because this is not a second suit between the parties; rather, the current and prior appeals are all part of the same action. While other related doctrines apply in this setting,[2] res judicata does not.[3] Because Powell advances no other challenge to respondents' doubling statute theory, he fails to demonstrate any error arising from that possible basis for summary judgment.[4]

¶18 Powell's brief on appeal also completely ignores respondents' alternative ground for summary judgment, i.e., that there was no issue of fact as to whether he suffered damage from any negligence. It was Powell's burden below to show that "the outcome . . . would have been more favorable to [him] than the result actually obtained but for the defendant attorney's negligence." *Geer*, 137 Wn. App. at 840; *Daugert v. Pappas*, 104 Wn.2d 254, 257, 704 P.2d 600 (1985). In support of their summary judgment motion, respondents submitted expert testimony indicating that any negligence did not damage Powell because the State likely would not have offered a plea bargain to solicitation had the parties treated that offense

---

[2] *See Roberson*, 156 Wn.2d at 41 (law of the case doctrine prevents a party from challenging an appellate court's holding regarding a principle of law at a later stage in the same litigation).

[3] Even if res judicata applied in this setting, it would not bar respondents' argument because the doubling statute issue was neither actually adjudicated in our prior decisions nor an issue that should have been adjudicated in those proceedings. *In re Estate of Black*, 153 Wn.2d 152, 171, 102 P.3d 796 (2004) (bar applies only to "claims actually adjudicated which were or should have been raised in the proceeding"). As noted above, the issue in the prior proceedings was a narrow one that did not involve the merits of Powell's malpractice claim. In addition, the doubling statute argument was raised for the first time on reconsideration, and our decision on reconsideration made no mention of it. There is thus no basis to view our decision on reconsideration as a decision on the merits of respondents' argument.

[4] We express no opinion regarding respondents' theory under the doubling statute and their claim that they were victims of a postsentencing change in the law.

as a misdemeanor with a one year maximum sentence.[5] Powell presented no contrary evidence below. There was, therefore, no genuine issue of fact on the damage element of Powell's cause of action.

¶19 For these reasons, we conclude the order granting summary judgment should be affirmed.

---

[5] Attorney Gruenhagen stated in his declaration that, based on his 25 years of experience as a criminal defense attorney, had the prosecutor known that the maximum sentence for Powell's offense was one year, "that office would never have entered into an agreement to amend the initial charge and dismiss the other pending charge. Given Mr. Powell's extensive criminal history and the fact that he was charged [with] two drug offenses occurring within days of each other, the prosecutor would have insisted on a plea to a felony."