MEMORANDUM *
Rodolfo Barriga-Moreno, a native and citizen of Mexico, petitions for review of two final orders of the Board of Immigration Appeals (BIA). In the first, the BIA granted Petitioner’s motion to reopen, but dismissed Petitioner’s appeal from an Immigration Judge’s decision finding him removable and denying his request for a continuance. In the second, the BIA denied Petitioner’s motion to reopen his removal proceedings to apply for adjustment of status. The main issues in this appeal are whether Petitioner’s Washington conviction for indecent liberties under Washington state law is for a crime involving moral turpitude, and whether it constitutes a violent or dangerous crime.
Before making these determinations, we must identify the crime to which Petitioner pled guilty in state court. The record before us is unclear. The judgment against Petitioner reflects only that he was convicted of indecent liberties under § 9A.44.100(1), without specifying the applicable subsection. The “offense score” that is listed in the state court judgment for purposes of sentencing was level VI, which relates to subsection (b), and not level VII, which relates to subsection (a). See In re Pers. Restraint of Acron, 122 Wash.App. 886, 95 P.3d 1272, 1273 (2004) (describing offense levels). In his plea agreement Petitioner admitted by implication only to forcible compulsion, subsection (a), stating that he was pleading guilty to the crime of indecent liberties “as charged in the amended information.” Nevertheless, Petitioner twice described in the plea agreement that he committed sexual contact with a victim who was physically help *593 less due to her age, which would be subsection (b).
Given the lack of clarity with respect to Petitioner’s conviction, we remand to the BIA to determine in the first instance whether Petitioner was convicted under subsection (a) or (b) of § 9A.44.100(1). The BIA should further analyze whether the conduct penalized under the applicable subsection constitutes a crime involving moral turpitude under both the categorical and modified categorical approaches, and if so, whether it is a violent or dangerous crime.
Petition for review GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.