**FILED**
**APRIL 6, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In the Matter of the Postsentence Review of )
                                                    )             No.  39055-1-III
                                                    )
PHILIP IKEN COPE.                    )
                                                    )            UNPUBLISHED OPINION
                                                    )

STAAB, J. — Phillip Cope pleaded guilty to one count of possession of a controlled substance by a prisoner and was sentenced to six months of confinement and up to twelve-months community custody.  The Department of Corrections (DOC), upon receiving Cope's judgment and sentence, contacted the superior court, because it believed that the imposition of community custody on Cope was error.  The prosecutor initially disagreed, and the DOC then filed this Post-Sentence Review Petition arguing the same.  The State now concedes error.  We agree with the DOC and the State and remand to strike the community custody provision within the judgment and sentence.

BACKGROUND

In April 2022, Cope pleaded guilty to one count of possession of a controlled substance by a prisoner pursuant to RCW 9.94.041(2).  The superior court imposed six

months of confinement and ordered up to a twelve-month term of community custody. The court's stated authority for imposing a term of community custody was "RCW 9.94A.505, .702."

Upon receiving a copy of the judgment and sentence, the DOC's position was that Cope's crime was not subject to a community custody term. The DOC brought this issue to the court, the prosecutor, and defense counsel's attention but the prosecutor disagreed. DOC then timely filed this Post-Sentence Review Petition.

ANALYSIS

1.    TIMELINESS AND COMPLIANCE WITH RCW 9.94A.585

Pursuant to RCW 9.94A.585(7), the DOC may file a "petition for a review of a sentence committing an offender to the custody or jurisdiction of the department." A petition must be limited to errors of law. RCW 9.94A.585(7). Such petitions must be filed within ninety days of the DOC having "actual knowledge of terms of the sentence." *Id*. Finally, petitions must include a certification from DOC that "all reasonable efforts to resolve the dispute at the superior court level have been exhausted." *Id*.

DOC received a copy of the judgment and sentence on April 22, 2022. DOC certified that on April 26, 2022, it contacted the court to request a correction of the error it alleged was committed in imposing community custody on Cope for his "unranked" felony offense. That same day the deputy prosecuting attorney indicated to the DOC that

2

he disagreed with the DOC's argument that imposing community custody on Cope was error.

DOC filed this Post-Sentence Review Petition on July 21, 2022, which was within 90 days of the DOC becoming aware of the terms of the sentence. *Id*. Thus, the Petition is timely.

2.    WHETHER THE COURT ERRED WHEN IT IMPOSED COMMUNITY CUSTODY

DOC contends that the court erred when it imposed a term of community custody for Cope's "unranked" felony offense. The State concedes and has agreed to ask the court to modify Cope's judgment and sentence to strike the community custody term and its related provisions. We agree.

Under the Sentencing Reform Act of 1981, ch. 9.94A RCW, all offenses are given a serious level that, along with an offender's criminal history, determine the standard range of confinement. RCW 9.94A.510. Offenses that do not have an assigned seriousness level are "unranked" and carry a standard range of 0-12 months of confinement. *In re Pers. Restraint of Acron*, 122 Wn. App. 886, 888, 95 P.3d 1272 (2004).

When an individual is convicted of a felony, RCW 9.94A.505(1) states that the sentencing court shall "impose [a sentence] as provided in this chapter." RCW 9.94A.701 and RCW 9.94A.702 are the applicable sections related to the imposition of community custody. RCW 9.94A.505(2)(a)(ii). RCW 9.94A.505(2)(b) states that "[i]f a standard

3

sentence range has not been established for the offender's crime, the court shall impose a determinate sentence which may include not more than one year of confinement; community restitution work; a term of community custody under RCW 9.94A.702." RCW 9.94A.702(1)(a)-(e) lists offenses for which a term of community custody may be imposed. *In re Sentence of Jones* held that RCW 9.94A.702 (formerly RCW 9.94A.545) unambiguously limits the court's authority to impose community custody for sentences of 12 months or less to those offenses listed in the statute. 129 Wn. App. 626, 630, 120 P.3d 84 (2005).

Here, Cope was sentenced to six months confinement and up to twelve months of community custody for the crime of possession of a controlled substance by a prisoner pursuant to RCW 9.94.041(2). This crime is not assigned a seriousness level. Thus, it is considered "unranked" and carries a standard range of 0-12 months. RCW 9.94A.515; *Acron*, 122 Wn. App. at 888. Further, it is not one of the enumerated offenses listed under RCW 9.94A.702 for which a court could impose a sentence of community custody. Consequently, the court did not have the authority to impose community custody on Cope as part of his sentence.

No. 39055-1-III
*In re Post-Sentence Review of Cope*


We remand to strike the imposition of community custody in the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Pennell, J.

_____
Siddoway, J.