[No. 66216-3-I.   Division One.   March 12, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. REGINALD KARL BREAUX, *Appellant*.

*Christopher Gibson* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Randi J. Austell, Deputy*, for respondent.

¶1 LAU, J. — This case involves a dispute under RCW 9.94A.589(1)(b), which provides for mandatory consecutive sentences whenever a person is convicted of two or more serious violent offenses arising from separate and distinct criminal conduct. Reginald Breaux pleaded guilty to two serious violent offenses—attempted first degree rape and first degree rape—and one violent offense—second degree rape.[1]

¶2 Under the statute's special scoring procedures, multiple serious violent offenses increase the sentencing range. The procedure involves selecting the current serious violent offense with the highest seriousness level and then computing the offender score, using prior offenses and other current nonserious violent offenses. The sentencing range for the other current serious violent offenses are computed by using an offender score of 0. The sentences for the serious violent offenses run consecutively and concurrently with nonserious violent offenses. Because there is no legislative intent to the contrary and RCW 9.94A.589(1)(b) is ambiguous where two or more serious violent offenses arguably have the same seriousness level, the rule of lenity necessitates an interpretation that favors Breaux. We conclude that the 0 scoring rule applies to Breaux's first degree rape conviction since it yields the shorter sentence. We remand for resentencing consistent with this opinion.

## FACTS

¶3 Reginald Breaux pleaded guilty in count one to second degree rape of TE, in count two to attempted first

---

[1] "Serious violent offense" is a subcategory of violent offense and includes first degree rape and attempted first degree rape. Former RCW 9.94A.030(44)(a)(vii), (ix) (2010). Second degree rape is a "violent offense." Former RCW 9.94A-.030(53)(a)(i) (all class A felonies are "violent offenses"). Each is classified as a sex offense. Former RCW 9.94A.030(44)(a)(vii), (ix), (45)(a)(i).

degree rape of AD, and in count three to first degree rape of EH. His plea agreement reserved the right to challenge his offender score calculation. Before sentencing, the parties submitted sentencing memoranda. The State calculated Breaux's offender score for the attempted first degree rape as 3 and 6 for the first and second degree rape convictions. On the second degree rape conviction, the State scored 1 point for each prior felony conviction except Breaux's 1976 robbery,[2] 3 points for the first degree rape, and 0 for the attempted first degree rape. It applied a similar calculation to the first degree rape offender score. On the attempted first degree rape conviction, the State scored 1 point for each prior offense and 0 for the other current offenses.

¶4 Breaux argued unsuccessfully over the propriety of counting his prior felony convictions to calculate his offender score.[3] To explain its consecutive sentence recommendation, the State reasoned:

> Counts two [(attempted first degree rape)] and three [(first degree rape)] are serious, violent crimes, and serious violence [sic] run consecutive to one another. Therefore the rape in the second degree is only going to score against the highest level of either count two or three. So rape in the second degree is going to be used to score against count three. Count one scores against count three, but counts two and three are going to run consecutive to one another. And count two doesn't have anything to score against it because it's going to be running consecutive to one another. So we are going to add up the total standard range [and it] will be the addition of whatever the Court imposes for count two and count three. We will add that up for the total standard range.

Report of Proceedings (Oct. 8, 2010) at 10. Following the State's high end recommendation, the sentencing court imposed high end standard range sentences for each of-

---

[2] For scoring purposes, Breaux's prior felony criminal history includes one conviction for second degree burglary and two convictions for possession of a controlled substance.

[3] Breaux does not appeal this issue.

fense and ordered the sentences for attempted first degree rape and first degree rape be served consecutively and concurrent with the second degree rape sentence, for a total minimum sentence of 336 months. Breaux appeals his sentence.

## DISCUSSION

¶5 Breaux contends that under RCW 9.94A.589(1)(b), the offender score for one of his "serious violent offenses" should be 0 and the offender score for the other should be based on his prior and current convictions that are not serious violent offenses.[4] He also argues that the statute is silent as to which of his two serious violent offenses the 0 offender score rule should apply where both have the same seriousness level. Due to the statute's ambiguity, the rule of lenity requires it be construed strictly against the State and in Breaux's favor. The State responds that legislative intent precludes the rule's application here because "the legislature intended to maximize the punishment for offenders with multiple serious violent offenses." Resp't's Br. at 15. The State also claims that anticipatory offenses have no seriousness level.

¶6 RCW 9.94A.589 governs the court's authority to impose concurrent or consecutive sentences and the applicable offender score to calculate the standard range for each offense. This case involves application of the 0 scoring rule under RCW 9.94A.589's special scoring procedure for computing the standard range. This procedure applies when a defendant has been convicted of two or more serious violent offenses. Unlike second degree rape, first degree rape and attempted first degree rape are defined as "serious violent offenses." Former RCW 9.94A.030(44). RCW 9.94A.589(1) provides in part:

---

[4] We accept the State's concession that it and the sentencing court miscalculated Breaux's offender score. As to the second degree rape offender score calculation, the State contends for the first time on appeal that the offender score should be 9 instead of a 6. We decline to consider this claim because the trial court is in the best position to address the merits on remand.

(b) Whenever a person is convicted of two or more serious violent offenses arising from separate and distinct criminal conduct, the standard sentence range for the offense with the highest seriousness level under RCW 9.94A.515 shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the standard sentence range for other serious violent offenses shall be determined by using an offender score of zero. The standard sentence range for any offenses that are not serious violent offenses shall be determined according to (a) of this subsection. All sentences imposed under (b) of this subsection shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection.

¶7 This special scoring procedure operates as follows:

1. Select the current serious violent offense with the highest seriousness level. Compute the offender score for this offense, using only prior offenses and other current offenses that are not serious violent offenses. In other words, *ignore* the other current serious violent offenses in computing the offender score.

2. Compute the sentencing range for the other current serious violent offenses, *using an offender score of 0*.

3. Run the sentences for the serious violent offenses *consecutively*.

4. Compute in the normal way the sentencing range for any current offenses that are not serious violent offenses. Run these sentences *concurrently* with the sentences for the serious violent offenses.

13B Seth A. Fine & Douglas J. Ende, Washington Practice: Criminal Law § 3511, at 301 (2d ed. 1998).

¶8 The following chart demonstrates each party's proposed serious violent offense offender score calculation for Breaux:

## THE STATE'S CALCULATION

Select count 3 first degree rape as the offense with the highest seriousness level.

Calculate the offender score using prior offenses and other current nonserious violent offenses.

| Adult History + Other Current Nonserious Violent Offenses | Multiplier (1 for non-violent offenses and 3 for sex offenses) | Points |
|---|---|---|
| 3 prior nonviolent felonies | 1 | 3 points |
| 1 other current offense that is not a "serious violent offense" but is a sex offense | 3 | 3 points |
| Total | | 6 points |

Determine the standard range using seriousness level and offender score:

The seriousness level for first degree rape is 12. RCW 9.94A.515.

Offender Score

| Seriousness level | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 or more |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | | | | | | | 162-216 months | | | |

Apply offender score zero to <u>count 2 attempted first degree rape</u> because this is not the offense with the "highest seriousness level."

Determine the standard range using the seriousness level of the completed crime and offender score. Multiply by 0.75 because it is an anticipatory offense. RCW 9.94A.595.

Offender Score

| Seriousness level | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 or more |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 93-123 months | | | | | | | | | |

Multiply 93-123 months by 0.75 = 69.75-92.25 months.

Count 2 runs consecutively to count 3 and both run concurrently with count 1.

The State's proposed calculation of Breaux's offender score yields a maximum combined sentence of 216 months + 92.25 months = 308.25 months.

## BREAUX'S CALCULATION

Select <u>count 2 attempted first degree rape</u> as the offense with the highest seriousness level.

Calculate the offender score using prior offenses and other current nonserious violent offenses.

| Adult History + Other Current Nonserious Violent Offenses | Multiplier (1 for non-violent offenses and 3 for sex offenses) | Points |
|---|---|---|
| 3 prior nonviolent felonies | 1 | 3 points |
| 1 other current offense that is not a "serious violent offense" but is a sex offense | 3 | 3 points |
| Total | | 6 points |

Determine the standard range using the seriousness level of the completed crime and offender score. Multiply the range by 0.75 for an anticipatory offense. RCW 9.94A.595.

The seriousness level for first degree rape is 12. RCW 9.94A.515.

### Offender Score

| Seriousness level | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 or more |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | | | | | | | 162-216 months | | | |

Multiply 162-216 months by 0.75 = 121.5-162 months.

Apply offender score of zero to <u>count 3 first degree rape</u> because this is not the offense with the "highest seriousness level."

Offender Score

| Seriousness level | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 or more |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 93-123 months | | | | | | | | | |

Count 3 runs consecutively to count 2 and both run concurrently with count 1.

Breaux's proposed offender score calculation yields a maximum combined sentence of 162 months + 123 months = 285 months.

¶9 As shown above, the parties' proposed offender score calculations reveal the crux of their dispute—which of Breaux's two serious violent offenses should be (1) selected for computation of the offender score and (2) selected for application of the 0 scoring rule. While RCW 9.94A-.589(1)(b) makes clear the 0 scoring rule does not apply to the serious violent offense with the highest seriousness level, it fails to address the circumstance where two offenses have the same seriousness level.[5]

¶10 Breaux asserts that under RCW 9.94A.510 and .595, his attempted first degree rape[6] and first degree rape convictions have the "same seriousness level"—12. Because RCW 9.94A.589(1)(b) fails to address this circumstance, he contends ambiguity exists so the rule of lenity applies in his favor—the offender score calculation should apply to his attempted first degree rape and the 0 scoring rule should apply to his first degree rape. The attempted first degree

---

[5] The State does not dispute this point.

[6] Breaux was charged with attempt under RCW 9A.28.020, which provides in relevant part: "(1) A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime."

rape conviction constitutes the offense with the highest seriousness level because it results in a shorter overall sentence.[7]

¶11 The State responds that such a construction contravenes legislative intent and argues that "the legislature intended to maximize the punishment for offenders with multiple serious violent offenses." Resp't's Br. at 15. To support its legislative intent argument, the State relies on (1) a 1988 legislative change to clarify that the offender score under RCW 9.94A.589(1)(b) for the serious violent offense with the highest seriousness level includes not only prior convictions, but also current convictions that are not serious violent offenses, LAWS OF 1988, ch. 157, § 5; (2) a 1990 amendment to RCW 9.94A.589[8] that lowered the requirement for consecutive sentences from three serious violent offenses to two serious violent offenses, LAWS OF 1990, ch. 3, § 704; and (3) the legislature's expansion of its list of serious violent offenses.

¶12 "The primary objective of an inquiry into the construction of a statute is to ascertain and carry out the intent of the legislature. Our review is de novo." *State v. Hayes*, 164 Wn. App. 459, 469, 262 P.3d 538 (2011).

"[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." The "plain meaning" of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. If after that examination, the provision is still subject to more than one reasonable interpretation, it is ambiguous. If a statute is ambiguous, the rule of lenity requires us

---

[7] We agree Breaux may assert this argument for the first time on appeal, a point that the State does not dispute. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). Accordingly, we need not address Breaux's ineffective assistance claim.

[8] At the time, this provision was codified as RCW 9.94A.400. It was recodified as RCW 9.94A.589 by Laws of 2001, ch. 10, § 6. For clarity, we refer to both the previous and current versions of this provision as RCW 9.94A.589.

to interpret the statute in favor of the defendant absent legislative intent to the contrary.

*State v. Jacobs*, 154 Wn.2d 596, 600-01, 115 P.3d 281 (2005) (alteration in original) (citations omitted) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). "The rule of lenity is applied only when the Legislature's intent is lacking." *In re Pers. Restraint of Bowman*, 109 Wn. App. 869, 875-76, 38 P.3d 1017 (2001). "[T]he rule of lenity applies to the SRA [Sentencing Reform Act of 1981, ch. 9.94A RCW,] and operates to resolve statutory ambiguities, absent legislative intent to the contrary, in favor of a criminal defendant." *In re Pers. Restraint of Sietz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994).

¶13 To determine the offense with the highest seriousness level, RCW 9.94A.589(1)(b) provides for "the highest seriousness level under RCW 9.94A.515." Anticipatory offenses are not specifically ranked in the seriousness level table in RCW 9.94A.515. That table contains seriousness levels only for completed offenses. First degree rape has a seriousness level 12. From this, the State argues that in the absence of any seriousness level for attempted first degree rape, the completed crime of first degree rape applies when calculating Breaux's offender score under RCW 9.94A-.589(1)(b). This reading ignores RCW 9.94A.595, which governs the procedure to calculate the standard range for anticipatory offenses:

> For persons convicted of the anticipatory offenses of criminal attempt, solicitation, or conspiracy under chapter 9A.28 RCW, the presumptive sentence is determined by locating the sentencing grid sentence range defined by the appropriate offender score and *the seriousness level of the crime*, and multiplying the range by 75 percent.

(Emphasis added.)

¶14 In *State v. Mendoza*, 63 Wn. App. 373, 819 P.2d 387 (1991), the defendant was convicted of conspiracy to deliver a controlled substance, a crime that was not ranked in the

seriousness level table. *Mendoza*, 63 Wn. App. at 374, 376. Mendoza argued that "in the absence of any seriousness level for his offense, the standard range cannot be determined, and the statute for 'unranked' offenses (RCW 9.94A.120(6)) requires a range of 0 to 12 months." *Mendoza*, 63 Wn. App. at 376. The State responded, "[U]nder [the predecessor to RCW 9.94A.595] and [former] RCW 9.94A-.310(2), the seriousness levels assigned to completed offenses are to be used by trial courts in determining the seriousness levels and standard ranges for anticipatory offenses under RCW 9A.28." *Mendoza*, 63 Wn. App. at 376-77. We reasoned, "Those statutes demonstrate that *the seriousness level of anticipatory offenses charged under RCW 9A.28 is the seriousness level of the 'completed crime' . . . .*" *Mendoza*, 63 Wn. App. at 377 (emphasis added). We concluded Mendoza was not convicted of conspiracy under chapter 9A.28 RCW, but rather under a separate statute for drug offenses, chapter 69.50 RCW. Since chapter 69.50 RCW provides for no seriousness level and the standard range sentence could not be determined, we concluded RCW 9.94A.120(6) required a 0 to 12 month standard range. We then explained, "The statute is, at best, ambiguous as to the Legislature's intent regarding the appropriate standard range, and the rule of lenity requires this court to resolve any ambiguity in favor of the defendant." *Mendoza*, 63 Wn. App. at 378 n.4.

¶15 We are unpersuaded by the State's argument but need not decide whether the seriousness levels assigned to completed offenses apply to anticipatory offenses for purposes of RCW 9.94A.589(1)(b).[9] As discussed above, the rule of lenity applies in favor of a defendant where legislative intent is lacking. Because RCW 9.94A.589(1)(b) fails to address the circumstance in which two or more serious

---

[9] The State offers no reasoned basis to explain why the legislature intended to assign seriousness levels for anticipatory offenses under RCW 9.94A.595 but none for purposes of RCW 9.94A.589.

violent offenses arguably have the same seriousness level, we address whether the rule of lenity applies here.

¶16 The State claims that application of the rule of lenity contravenes the legislature's intent to "maximize" punishment for serious violent offenders. Resp't's Br. at 15-20. It relies on the statutory amendments discussed above and on *State v. Salamanca*, 69 Wn. App. 817, 827-28, 851 P.2d 1242 (1993). There, we affirmed five consecutive sentences for the defendant's five first degree assault convictions. We reasoned,

> Under [the predecessor to RCW 9.94A.589], prior convictions and other current convictions that are not violent offenses are used to calculate the offender score and sentence range for only one of the serious violent offenses, while the sentence ranges for the other serious violent offenses are calculated by using an offender score of 0. Thus, the sentence ranges of the extra serious violent offenses are shorter than would ordinarily be the case, but the term of incarceration is longer because the sentences are served consecutively instead of concurrently. This scheme [RCW 9.94A.589] avoids double counting of convictions while ensuring increased punishment for multiple violent offenses, a clearly intended result which is consistent with the purposes of the Sentencing Reform Act of 1981.

*Salamanca*, 69 Wn. App. at 827-28 (citing DAVID BOERNER, SENTENCING IN WASHINGTON §§ 5.8(b), 6.20 (1985)). The State overstates our reasoning in *Salamanca* and the effect of RCW 9.94A.589's amendment history. Neither supports the State's assertion that the legislature intended to "maximize" punishment for multiple serious violent offenses. It is true the legislature has generally tended to increase punishment. But the legislature's intent to increase punishment for defendants who commit two or more serious violent offenses sheds no light on what to do where there are two or more serious violent offenses with the same seriousness level but with different standard ranges. In *Salamanca*, we discussed the predecessor to RCW 9.94A-.589(1)(b) and noted the legislative intent was to "increase"

punishment for those convicted of multiple serious violent offenses. As structured, the statute results in an increased standard range, most significantly for defendants with high offender scores. Under ordinary scoring rules, the standard range does not increase when the offender score exceeds 9. While "the extra serious violent offenses are shorter than would ordinarily be the case," the incarceration term is longer because the sentences are served consecutively. *Salamanca*, 69 Wn. App. at 828. This also avoids the double counting issue.[10]

¶17 The rule of lenity requires the court to construe a statute strictly against the State in favor of the defendant where two possible constructions are permissible. Because RCW 9.94A.589(1)(b) is ambiguous, it must be construed in Breaux's favor. We conclude that (1) the offender score calculation applies to Breaux's attempted first degree rape and (2) the 0 scoring rule applies to his first degree rape conviction as this will yield a shorter sentence. We remand for resentencing consistent with this opinion.

SCHINDLER and SPEARMAN, JJ., concur.

---

[10] We are not persuaded by the State's reliance on double jeopardy case law because it involves a constitutional analysis rather than a statutory one. "The prohibition against double jeopardy 'protect[s] against multiple punishments for the same offense, as well as against a subsequent prosecution for the same offense after acquittal or conviction.'" *State v. Weber*, 159 Wn.2d 252, 265, 149 P.3d 646 (2006) (alteration in original) (internal quotation marks omitted) (quoting *State v. Graham*, 153 Wn.2d 400, 404, 103 P.3d 1238 (2005)).