# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Personal ) No. 69596-7-I
Restraint of: )
) DIVISION ONE
)
BRIAN K. RONQUILLO, ) UNPUBLISHED OPINION
)
Petitioner. ) FILED: AUG 2 6 2013

PER CURIAM. Brian Ronquillo filed a motion for relief from judgment in King

County Superior Court No. 94-1-02988-2 SEA, contending he is entitled to resentencing

under State v. Breaux, 167 Wn. App. 166, 273 P.3d 447 (2012). The superior court

transferred the matter to this court for consideration as a personal restraint petition

under CrR 7.8(c)(2). In order to obtain collateral relief by means of a personal

restraint petition, Ronquillo must demonstrate either an error of constitutional

magnitude that gives rise to actual prejudice or a nonconstitutional error that

inherently results in a "complete miscarriage of justice." In re Pers. Restraint of

Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990).

As a general rule, personal restraint petitions must be filed within one year

after the judgment and sentence becomes final. RCW 10.73.090. Ronquillo's

judgment and sentence became final in October 1998 when this court filed the

mandate in his direct appeal, State v. Ronquillo, No. 35840-5-I. RCW 10.73.090(3)(b).

Ronquillo filed his present motion for relief in the trial court in December 2012. Thus,

any collateral attack on Ronquillo's sentence is time-barred under RCW 10.73.090(1) unless he can show that his judgment and sentence is invalid on its face or an exception under RCW 10.73.100 applies. "Mere typographical errors easily corrected would not render a judgment invalid." In re Coats, 173 Wn.2d 123, 135, 267 P.3d 324 (2011). A miscalculated offender score may render a judgment and sentence invalid on its face. See, e.g., In re LaChapelle, 153 Wn.2d 1, 6, 100 P.3d 805 (2004).

Ronquillo claims his judgment and sentence is invalid on its face because the trial court improperly calculated his offender score under former RCW 9.94A.400(b) (LAWS OF 1990, ch. 3 § 704).[1] Ronquillo was convicted of first degree murder, two counts of attempted first degree murder, and second degree assault with a deadly weapon. The court calculated Ronquillo's offender score for each count as follows: 2 for the murder, 0 for each of the attempted murder counts, and 6 for the assault. Ronquillo points out that the murder and the two counts of attempted murder all have the same seriousness level. See Former RCW 9.94A.410 (LAWS OF 1986, ch. 257 § 29).[2] However, the sentencing court did not acknowledge this fact, or the fact that

---

[1] Former RCW 9.94A.400(b) provided:
Whenever a person is convicted of two or more serious violent offenses, as defined in RCW 9.94A.030 arising from separate and distinct criminal conduct, the sentence range for the offense with the highest seriousness level under RCW 9.94A.320 shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the sentence range for other serious violent offenses shall be determined by using an offender score of zero. The sentence range for any offenses that are not serious violent offenses shall be determined according to (a) of this subsection. All sentences imposed under (b) of this subsection shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection.

[2] Former RCW 9.94A.410 provided:
For persons convicted of the anticipatory offenses of criminal attempt, solicitation, or conspiracy under chapter 9A.28 RCW, the presumptive sentence is determined by

the total sentence would have been shorter if one of the attempted murder counts

had been chosen as the "offense with the highest seriousness level" for the purposes

of Former RCW 9.94A.400(b). Relying on Breaux and the rule of lenity, Ronquillo

requests remand for resentencing.

In Breaux, the trial court imposed a sentence under RCW 9.94A.589(1)(b)[3]

where the defendant was convicted of two serious violent offenses with the same

seriousness level, first degree rape and attempted first degree rape. Breaux, 167

Wn. App. at 168. This court held,

> Because there is no legislative intent to the contrary and RCW 9.94A.589(1)(b)
> is ambiguous where two or more serious violent offenses arguably have the
> same seriousness level, the rule of lenity necessitates an interpretation that
> favors Breaux. We conclude that the 0 scoring rule applies to Breaux's first
> degree rape conviction since it yields the shorter sentence.

Id.

In response, the State concedes that Ronquillo's offender sores should be

recalculated and that his sentence should be restructured under Breaux and the rule

of lenity. The State has filed a motion for remand to the trial court for resentencing.

---

locating the sentencing grid sentence range defined by the appropriate offender score
and the seriousness level of the crime, and multiplying the range by 75 percent.
In calculating an offender score, count each prior conviction as if the present conviction
were for the completed offense. When these convictions are used as criminal history,
score them the same as a completed crime.

[3] Like Former RCW 9.94A.400(b), RCW 9.94A.589(b) provides:
Whenever a person is convicted of two or more serious violent offenses arising from
separate and distinct criminal conduct, the standard sentence range for the offense with
the highest seriousness level under RCW 9.94A.515 shall be determined using the
offender's prior convictions and other current convictions that are not serious violent
offenses in the offender score and the standard sentence range for other serious violent
offenses shall be determined by using an offender score of zero. The standard sentence
range for any offenses that are not serious violent offenses shall be determined
according to (a) of this subsection. All sentences imposed under (b) of this subsection

No. 69596-7-I/4

We accept the State's concession, grant the petition, and remand for resentencing consistent with Breaux.

For the court:

_Spearman, A.C.J._

_Verellen, J._

_Dwyer, J._

---

shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection.

4