Pennell, J.
(dissenting in part)
¶41 I join all but Section I.A of the majority opinion, addressing RCW 9.94A-.589 and the rule of lenity.
¶42 The majority opinion departs from Division One’s holding in State v. Breaux, 167 Wn. App. 166, 175-76, 273 P.3d 447 (2012), despite the State’s concession of error and request for resentencing under Breaux. While it is not unusual for a court to refuse an erroneous legal concession, and it is not unusual for one division of this court to disagree with a decision from another division, there appears to be little precedent for both circumstances occurring simultaneously.
*682 ¶43 In the current context, the doctrine of stare decisis warrants accepting the State’s concession. “[Appellate courts] do not lightly set aside precedent, and the burden is on the party seeking to overrule a decision to show that it is both incorrect and harmful.” State v. Kier, 164 Wn.2d 798, 804-05, 194 P.3d 212 (2008). Here, no party has taken on this burden. By creating an uninvited conflict in the construction of RCW 9.94A.589, we are unnecessarily complicating the law, upending settled expectations, and risking inequitable outcomes. I would not do so sua sponte.
¶44 An additional reason to invoke stare decisis is that we are dealing with an issue of statutory interpretation.[4] The legislature can amend RCW 9.94A.589 if it disagrees with the construction set out in Breaux. Despite Division One’s interpretation of RCW 9.94A.589(1)(b), the legislature has not changed the statute’s language. The legislature amended RCW 9.94A.589 in 2015 but did not change the substance of subsection (l)(b). The legislature is presumed to have acted with knowledge of Breaux, and its failure to substantively amend the statute in the four years since Breaux suggests its acquiescence to the judicial interpretation. See Buchanan v. Int'l Bhd. of Teamsters, 94 Wn.2d 508, 511, 617 P.2d 1004 (1980).
¶45 Based on the foregoing, I dissent from the majority opinion in part and would remand these matters for resen-tencing in light of Breaux, as well as the other errors set forth in the majority opinion.
Petitions for review granted at 186 Wn.2d 1009 (2016).

 “Stare decisis is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right. This is commonly true even where the error is a matter of serious concern provided correction can be had by legislation.” Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 406, 52 S. Ct. 443, 76 L. Ed. 813 (1932) (Brandéis, J., dissenting) (citation omitted).