Melnick, J.
*305 ¶ 1 Albert Smith appeals his convictions of theft in the first degree and identity theft in the first degree. In the published part of this opinion, we conclude the trial court did not err in applying the free crimes aggravating factor. In the unpublished portion, we conclude the court did not abuse its discretion in denying a mistrial motion and it did not commit reversible error in sentencing Smith. We also reject Smith's assertions in his statement of *306 additional grounds (SAG) and supplemental SAG. We affirm Smith's convictions and sentence.
FACTS[1]
¶ 2 Smith's convictions are based on a series of checks he cashed at the expense of his wife's employer, Spaeth Transfer, a moving *822 and storage company that operated out of Bremerton. Smith's wife, Sharyl Smith,[2] worked as the company's bookkeeper between October 2012 and October 2015. Ultimately, Smith cashed 176 checks totaling $264,500 between December 2014 and November 2015. A jury found Smith guilty of both identity theft in the first degree and theft in the first degree. It also found that both crimes were major economic offenses.
¶ 3 The State submitted a sentencing memorandum where it calculated Smith's offender score as 21. It requested an exceptional sentence above the standard range of 100 months on both counts and that the sentences on each count be served consecutively. The State cited the jury's finding of the major economic offense aggravator as well as an additional aggravator that, because of Smith's high offender score, some of the current offenses would go unpunished. RCW 9.94A.535(2)(c). The court determined Smith had an offender score in excess of 9.[3]
¶ 4 The trial court sentenced Smith to the statutory maximum on each conviction count, 120 months, to be served consecutively. The trial court also orally found that Smith's current offenses did not constitute the same criminal conduct. It cited the State's sentencing memorandum, which argued that the crimes did not occur at the same time or place.
*307 ¶ 5 The trial court entered written findings of fact supporting its exceptional sentence:
(1) The offenses do not constitute same criminal conduct.
(2) The jury found that the crimes were major economic offenses.
(3) The defendant's high offender score results in some crimes going unpunished if sentenced concurrently.
Clerk's Papers (CP) at 193. Based on those findings, the court entered a conclusion of law that an exceptional sentence was appropriate. Smith appeals.
ANALYSIS
I. FREE CRIMES AGGRAVATING FACTOR
¶ 6 Smith argues that the trial court erred in applying the free crimes aggravator,[4] which applies when some of the current offenses would otherwise go unpunished. He contends that the aggravator does not apply in cases like this one, where only one conviction would go unpunished. We disagree.
A. Principles of Statutory Interpretation
¶ 7 The interpretation of a statute involves a question of law we review de novo. State v. Evans , 177 Wash.2d 186, 191, 298 P.3d 724 (2013). The primary goal of statutory interpretation is to determine and give effect to the legislature's intent. State v. Larson , 184 Wash.2d 843, 848, 365 P.3d 740 (2015). To determine legislative intent, we first look to the plain language of the statute. Larson , 184 Wash.2d at 848, 365 P.3d 740. We consider the language of the provision in question, " 'the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole.' " Larson , 184 Wash.2d at 848, 365 P.3d 740 (internal quotation marks omitted) (quoting State v. Ervin , 169 Wash.2d 815, 820, 239 P.3d 354 (2010) ).
*308 ¶ 8 If the plain meaning of a statute is unambiguous, we apply that plain meaning as an expression of legislative intent. Larson , 184 Wash.2d at 848, 365 P.3d 740. To determine the plain meaning of an undefined statutory term, we may look to the term's dictionary definition. State v. Monfort , 179 Wash.2d 122, 130, 312 P.3d 637 (2013).
¶ 9 A statute is ambiguous when it is subject to more than one reasonable interpretation. Evans , 177 Wash.2d at 192-93, 298 P.3d 724. When a statute is ambiguous, we first attempt to resolve any ambiguity and determine the legislature's intent by considering principles of statutory construction, legislative history, and relevant case law. State v. Reeves , 184 Wash.App. 154, 158, 336 P.3d 105 (2014). If these indications of legislative *823 intent are insufficient to resolve the ambiguity, we must apply the rule of lenity and construe the statute in favor of the defendant. Reeves , 184 Wash.App. at 158-59, 336 P.3d 105.
B. Legal Background
¶ 10 A defendant's standard sentencing range is based on his or her offender score. Under RCW 9.94A.525, a trial court calculates a defendant's offender score based on prior convictions. RCW 9.94A.589(1)(a) provides that when a defendant is sentenced for multiple current offenses, the offender score for each current offense is determined by treating the other current convictions as prior convictions.
¶ 11 The standard range sentence for both of Smith's crimes reached its maximum with an offender score of 9. RCW 9.94A.510 ; State v. Alvarado , 164 Wash.2d 556, 561, 192 P.3d 345 (2008). This fact means that when a defendant's offender score equals or exceeds 9, other prior and other current offenses do not increase the standard sentence range. Alvarado , 164 Wash.2d at 563, 192 P.3d 345. A defendant whose offender score is at or above 9 will have the same standard range sentence regardless of the number of current or prior offenses. State v. France , 176 Wash.App. 463, 468-69, 308 P.3d 812 (2013). In *309 this situation, a standard range sentence fails to punish the defendant for having committed multiple current offenses. Alvarado , 164 Wash.2d at 563, 192 P.3d 345.
¶ 12 The free crimes aggravator anticipates such a scenario and allows the trial court to impose an exceptional sentence when "[t]he defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished." RCW 9.94A.535(2)(c). Once the court determines that some of the defendant's current offenses will go unpunished, it has discretion to impose an exceptional sentence on all current offenses. France , 176 Wash.App. at 468-69, 308 P.3d 812. The trial court may make this determination without any finding by the jury. RCW 9.94A.535(2).
C. Smith's Crimes
¶ 13 Here, Smith argues that the free crimes aggravator cannot apply when the defendant is charged with only two current offenses because only one offense would be unpunished. He cites to the language in RCW 9.94A.535(2)(c) that "some of the current offenses" would go unpunished. (Emphasis added.). He argues that because "some" is synonymous with a "few," this aggravator is inapplicable when only a single offense is unpunished.[5]
¶ 14 Smith's interpretation is inconsistent with the plain language of RCW 9.94A.535(2)(c). According to WEBSTER'S THIRD INTERNATIONAL DICTIONARY 2171 (2002) (Webster's), "some of the current offenses" can properly refer to a single offense. First, Webster's states that when "some" acts as a pronoun, as it does here, it can be used either in the singular or plural. Webster's at 2171. Second, there are two applicable definitions: "one person or thing among a number"
*310 and "one indeterminate quantity, portion, or number as distinguished from the rest." Webster's at 2171. Either could apply to single or multiple unpunished offenses.[6]
¶ 15 Smith also argues that the legislature's use of "some" in the free crime aggravator must mean more than one because *824 the legislature has used the phrasing "one or more" in other places. Br. of Appellant at 22-23; see RCW 9.94A.535(3)(h) ("The current offense involved domestic violence ... and one or more of the following was present." (Emphasis added.) ); RCW 9.94A.537(6) ("If the jury finds ... one or more of the facts alleged by the state in support of an aggravated sentence ...." (Emphasis added.) ). He relies on a maxim of statutory construction that when the legislature uses different terms, we presume that the legislature intended for those terms to have a different meaning. See Foster v. Dep't of Ecology , 184 Wash.2d 465, 473, 362 P.3d 959 (2015).
¶ 16 But that maxim is only a presumption, and two factors demonstrate its inapplicability here. First, the dictionary definition states that "some" may be used in the singular or plural, and can refer to one or multiple things among a group. This definition is consistent with the remaining text of RCW 9.94A.535(2)(c), which applies when the defendant has committed multiple offenses with not all of them resulting in punishment. Applied here, two convictions plainly qualify as multiple offenses, and one offense would go unpunished.
¶ 17 Second, interpreting the free crimes aggravator to apply only when more than one crime is unpunished leads to a strained result that is not supported by the statute's text. Nothing in RCW 9.94A.535(2)(c) suggests that the *311 legislature intended a defendant to avoid additional punishment when he or she is convicted of two crimes at once, but not three. We avoid construing a statute in a manner that results in unlikely or strained consequences. State v. Barbee , 187 Wash.2d 375, 389, 386 P.3d 729 (2017). State v. Phillips , No. 35113-1-III, slip op. at 13, 2018 WL 2410936 (Wash. Ct. App. May 29, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/351131_unp.pdf, review denied , 191 Wash.2d 1020, 428 P.3d 1168 (2018), also addressed this issue and concluded that it would be arbitrary to allow one crime to go unpunished but not two.
¶ 18 Finally, Smith argues that we should apply the rule of lenity. The rule of lenity applies to ambiguous criminal statutes, which we will strictly construe in the defendant's favor. State v. Breaux , 167 Wash.App. 166, 179, 273 P.3d 447 (2012). Because the free crimes aggravator statute is not subject to two reasonable interpretations, it is not ambiguous, and the rule of lenity does not apply.
¶ 19 We therefore conclude that the trial court did not err in applying the free crimes aggravator to impose an exceptional sentence on Smith.[7] We affirm Smith's convictions and sentence.
¶ 20 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040 it is so ordered.
We concur:
Bjorgen, J.
Lee, A.C.J.

The following facts relate to the published portion of this opinion. Additional relevant facts will be related in the unpublished portion.

To avoid confusion, we refer to Sharyl Smith by her first name. We intend no disrespect.

In the unpublished portion of this opinion, we conclude the court erred in calculating Smith's offender score; however, it clearly exceeded 9 points.

RCW 9.94A.535(2)(c).

For support, Smith cites the Collins English Dictionary . However, we have found no Washington case that relied on that dictionary as an authoritative source. It has been cited only twice, in both instances as an alternative definition. See Jametsky v. Olsen , 179 Wash.2d 756, 766 n.5, 317 P.3d 1003 (2014) ; Boeing Co. v. Aetna Cas. & Sur. Co. , 113 Wash.2d 869, 895 n.10, 784 P.2d 507 (1990) (Callow, C.J., dissenting).

A recent unpublished decision, which we find persuasive, came to the same conclusion. State v. Phillips , No. 35113-1-III, slip op. at 12, 2018 WL 2410936 (Wash. Ct. App. May 29) (unpublished), http://www.courts.wa.gov/opinions/pdf/351131_unp.pdf, review denied , 191 Wash.2d 1020, 428 P.3d 1168 (2018). "When we think about quantities that do not qualify as 'some,' we think of 'all' and 'none.' By contrast, 'one' plainly qualifies as 'some.' " Phillips , slip op. at 12. The court concluded that, based on "the commonly understood meaning of 'some,' [the free crimes aggravator] applies where a defendant's high offender score would allow one crime to go unpunished." Phillips , slip op. at 12.

In the unpublished portion of this case we analyze Smith's other issues regarding his sentence.