IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50335-2-II |
| Respondent, | |
| v. | |
| JULIEN BROUSSARD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Julien Broussard appeals his exceptional sentence, arguing that the "free crimes" aggravator, RCW 9.94A.535(2)(c), does not support an exceptional sentence if only one crime will go unpunished.  We disagree and affirm.

FACTS

Broussard pleaded guilty to first degree promoting prostitution and second degree assault. The sentencing court found that the second degree assault would go unpunished because of Broussard's high offender score, which was 12.  Based on its finding, the sentencing court imposed an exceptional sentence by imposing consecutive sentences.  Broussard appeals his exceptional sentence.[1]

---

[1] In his Statement of Additional Grounds for Review, RAP 10.10, Broussard also argues that the sentencing court may not impose an exceptional sentence under RCW 9.94A.535(2)(c) without a finding by a jury.  Broussard's argument has already been considered and rejected by our Supreme

ANALYSIS

Broussard argues that the sentencing court did not have the authority to impose an exceptional sentence because the "free crimes" aggravator does not allow an exceptional sentence if only one crime will go unpunished. We disagree.

A defendant's offender score is calculated based on current and prior convictions. RCW 9.94A.525(1). The standard sentencing ranges in the Sentencing Reform Act, chapter 9.94A RCW, do not account for offender scores in excess of nine. RCW 9.94A.510; *State v. France*, 176 Wn. App. 463, 468, 308 P.3d 812 (2013), *review denied*, 179 Wn.2d 1015 (2014). Therefore, "[w]here a defendant has multiple current offenses that result in an offender score greater than nine, further increases in the offender score do not increase the standard sentence range." *Id*.

RCW 9.94A.535(2)(c) allows a sentencing court to impose an exceptional sentence when the "defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished." Imposing consecutive sentences is an exceptional sentence. RCW 9.94A.535. We review the sentencing court's authority to impose an exceptional sentence de novo. *France*, 176 Wn. App. at 469.

In *State v. Smith*, ___ Wn. App. 2d ___, 433 P. 3d 821, 823-24 (2019), we held that the free crimes aggaravtor allows a sentencing court to impose an exceptional sentence when one crime will go unpunished. Therefore, we reject Broussard's arguments. Under *Smith*, the sentencing court properly imposed an exceptional sentence based on the "free crimes" aggravator.

---

Court. *State v. Alvarado*, 164 Wn.2d 556, 566-69, 192 P.3d 345 (2008). Accordingly, we do not address it any further.

No. 50335-2-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, C.J.

_____
Sutton, J.