# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51906-2-II |
| Respondent, | |
| v. | |
| SOCORRO ARMANDO VELAZQUEZ, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J. – Socorro Armando Velazquez pleaded guilty to two counts of vehicular assault and one count of hit and run injury for his involvement in a head-on collision that seriously injured two people. The State recommended standard range sentences for each conviction, all running concurrently. The trial court determined that due to Velazquez's high offender score, one of the vehicular assaults would go unpunished, and it imposed exceptional consecutive sentences on Velazquez's vehicular assault convictions.

Velazquez appeals, arguing that the trial court relied on improper reasons in imposing an exceptional sentence and the basis that the court gave did not apply as a matter of law. He also challenges the imposition of certain legal financial obligations. The State concedes that the legal financial obligations were improperly imposed.

We affirm Velazquez's sentence and remand for the trial court to strike the improper legal financial obligations.

FACTS

Velazquez was involved in a head-on collision with another car. The collision resulted in serious injuries to two people. Immediately following the crash, Velazquez fled the scene yelling at onlookers to call 911.

Velazquez later pleaded guilty to two counts of vehicular assault and one count of hit and run injury. Considering his prior convictions and the current offenses, his offender score was over nine for each count. As part of Velazquez's plea deal, the State and Velazquez's attorney jointly recommended 68 months for each of the vehicular assault counts and 60 months for the hit and run count, all to run concurrently.

The court sentenced Velazquez to 60 months on each count, but ran the sentences on the two vehicular assault convictions consecutive to each other, for a total of 120 months. The court ordered that the sentence for the hit and run conviction would be served concurrently. The court explained, "I believe that 68 months would not be enough to serve justice, and I'm not sure that 120 months or 10 years is enough to serve justice, but I do want to recognize that Mr. Velazquez has taken some responsibility and has admitted to his violations." Verbatim Report of Proceedings (VRP) (May 8, 2018) at 47.

When the State asked the court to clarify its basis for imposing this exceptional sentence, the court responded that under RCW 9.94A.535(2)(c), the defendant committed "multiple current offenses, and the defendant's high offender score result[ed] in some of the current offenses going unpunished." VRP at 49. The court noted that without an exceptional sentence, Velazquez would have "free crimes." *Id.*

On Velazquez's judgment and sentence, the court found "substantial and compelling reasons that justify an exceptional sentence." Clerk's Papers at 25. The court reiterated the reasoning expressed in its verbal ruling. The court concluded that an exceptional consecutive sentence was "justified given the facts of this case and the defendant's prior criminal history." *Id.* Thus, the court required that the sentences for counts I and III would run consecutively to each other and the sentence for count II would run concurrently.

The court also imposed a $200 criminal filing fee and $100 DNA collection fee. At the time of sentencing, Velazquez was receiving public assistance and had no other source of income.

Velazquez appeals his sentence and the imposition of these fees.

## ANALYSIS

### I. EXCEPTIONAL SENTENCE

Velazquez argues that the trial court improperly imposed an exceptional sentence. We disagree.

We will reverse an exceptional sentence only if, "under a clearly erroneous standard, there is insufficient evidence in the record to support the reasons for imposing an exceptional sentence;" the reasons given do not justify an exceptional sentence under a de novo standard; or the sentence is clearly excessive or clearly too lenient under an abuse of discretion standard. *State v. France*, 176 Wn. App. 463, 469, 308 P.3d 812 (2013). A defendant's standard range sentence reaches its maximum limit at an offender score of "'9 or more,'" based on both prior and current convictions. *Id.* at 468; RCW 9.94A.510, .525(1). Where, as here, a defendant has multiple current offenses that result in an offender score greater than nine, additional increases in the score above nine do not increase the standard range. *France*, 176 Wn. App. at 468.

Under the free crimes aggravator in RCW 9.94A.535(2)(c), the trial court may impose an exceptional sentence when the defendant committed multiple current offenses and their high offender score results in some of the current offenses going unpunished. *Id.* at 469. Once the court determines that one or more of the defendant's current offenses will go unpunished, it has discretion to impose an exceptional sentence on all current offenses. *State v. Smith*, 7 Wn. App. 2d 304, 309-11, 433 P.3d 821 (2019), *review denied*, 193 Wn.2d 1010.

Velazquez first argues that the trial court's imposition of an exceptional sentence was improper because its primary motivation was dissatisfaction with the standard range. But the Sentencing Reform Act of 1981, chapter 9.94A RCW, requires the trial court to consider the act's purposes, including "providing punishment which is just," RCW 9.94A.010(2), before imposing an exceptional sentence, RCW 9.94A.535. That is precisely what the trial court did here. And the trial court explained in its findings of fact and conclusions of law that it was relying on the free crimes aggravator. We reject this argument.

Velazquez also argues that the free crimes aggravator does not apply to him as a matter of law because RCW 9.94A.535(2)(c) applies when "*some of* the current *offenses*" would go unpunished, and "some of" means more than one. Br. of Appellant at 15. We recently rejected this precise argument in *Smith*, concluding instead that "some" can be singular or plural. 7 Wn. App. 2d at 309-10.

Here, Velazquez would have been subject to the same standard sentence range had he committed only one vehicular assault. His offender score on each of the vehicular assault convictions was eleven, and each of those convictions counted as two points. RCW 9.94A.525(11). Therefore, Velazquez's offender score still would have been nine even if one of

the vehicular assault convictions were removed, resulting in an identical standard range sentence with or without the second vehicular assault conviction. The legislature has determined that the trial court may impose an exceptional sentence when the defendant's offender score is so high that the presumptive standard range does not account for one of their crimes, and that was the case here.

Velazquez finally contends that because the statutory maximum for his hit and run conviction is 60 months, the free crimes aggravator could not apply to that conviction, citing RCW 9A.20.021(1)(c). But contrary to Velazquez's assertion, he was not improperly sentenced beyond the 60-month maximum for his hit and run conviction; he received a sentence of 60 months running concurrently with the sentences imposed for his other convictions. The trial court did not apply the free crimes aggravator to the hit and run conviction.

We hold that the trial court did not err in applying the free crimes aggravator to impose the exceptional sentence.

## II. LEGAL FINANCIAL OBLIGATIONS

Velazquez argues the criminal filing fee and DNA collection fee were improperly imposed. The State concedes that these fees must be stricken. We accept the State's concession and remand to strike the challenged fees.

RCW 36.18.020(h) now prohibits the imposition of the criminal filing fee if a defendant is indigent as defined in RCW 10.101.010(3) (a) through (c). RCW 43.43.7541 authorizes the imposition of a DNA collection fee "unless the state has previously collected the offender's DNA as a result of a prior conviction." Our Supreme Court has held that the newly amended versions

of these statutes apply to cases pending on direct review and not final when the amendments were enacted. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

Here, the State concedes that Velazquez is indigent under RCW 10.101.010(3)(a) – (c) because the record shows he was receiving public assistance before he was incarcerated. The State also concedes that its records show that Velazquez's DNA was previously collected and is on file with the Washington State Patrol Crime Lab. The criminal filing fee and DNA collection fee must therefore be stricken from Velazquez's judgment and sentence.

CONCLUSION

We affirm Velazquez's sentence and remand for the trial court to strike the criminal filing fee and DNA collection fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, C.J.

Melnick, J.